```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/11/10
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x
UNITED STATES OF AMERICA,          :
                                   :
            v.                     :    09 Cr. 984 (BSJ)
                                   :
                                   :    ORDER
ANTHONY TAGGERT and ANDREW         :
MACGREGOR,                         :
                                   :
            Defendants.            :
----------------------------------x

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Before the Court are Defendants' joint motion for severance and Defendant Andrew MacGregor's motion to dismiss the Indictment. Both motions are based on the claim that the allegations in the Indictment amount to multiple conspiracies, not a single one.

The Government has alleged a "wheel conspiracy" in which members of a core group deal with a number of contacts, who are analogized to the spokes of a wheel and are connected with each other only through the core conspirators. See generally United States v. Guttenberg, No. 07 Cr. 141 (DAB), 2007 WL 4115810, at *6 (S.D.N.Y. Nov. 14, 2007). Defendants argue that the Government fails to allege that MacGregor and Taggert "had sufficient awareness of the existence of other members of the alleged conspiracy to render them part of the rim of the wheel to enclose the

spokes." United States v. Marcus Schloss & Co., Inc., 710 F. Supp. 944, 951 (S.D.N.Y. 1989) (internal quotation marks omitted).

A conspiracy "is not properly alleged if the various 'spoke' conspirators are joined only by the existence of a common 'hub.'" United States v. Reinhold, 994 F. Supp. 194, 198 (S.D.N.Y. 1998). However, a wheel conspiracy is properly charged when a conspirator was involved in "a broad project for the importation, distribution, and retail sale of narcotics." United States v. Sureff, 15 F.3d 225, 230 (2d Cir. 1994). In that situation, the "broad project" provides "reason to believe that [the conspirator's] benefits derived from the operation were probably dependent upon the success of the entire venture." Id.; see also United States v. Vanword, 887 F.2d 375, 383 (2d Cir. 1989) ("A single conspiracy may be found . . . [where there is] a permissible inference, from the nature and scope of the operation, that each actor was aware of his part in a larger organization where others performed similar roles equally important to the success of the venture.") (emphasis added). Moreover, the requisite "rim" is established where "each defendant . . . participated in the conspiracy with the common goal or purpose of the other

defendants." Reinhold, 994 F. Supp. at 198 (emphasis added).

The Indictment alleges that both Defendants purchased non-personal use quantities of methamphetamine from a common source--the cooperating witness. In addition to this common "hub," according to the Sealed Complaint the cooperating witness sent Taggert a text message saying that the cooperating witness would be in New York sooner than expected because "some customers needed me." Sealed Complaint ¶ 6(f) (emphasis added). And the cooperating witness sent MacGregor a similar text message, stating that the cooperating witness could supply MacGregor additional quantities of narcotics by "borrow[ing] from another customers [sic] order." Id. ¶ 8(c) (emphasis added). These text messages, coupled with Defendants' purchases of non-personal use quantities of narcotics, indicate that Defendants were likely aware--or should have been aware-- that they were involved in a "broad project" for the distribution of narcotics. While they may have been unaware of each other's identity, they could not have been unaware that the other existed. That is all that a wheel conspiracy requires. See United States v. Manarite, 448 F.2d 583, 589 (2d Cir. 1971) ("[W]hether the spoke participants may be found to be members along with the core

conspirators depends on whether or not the 'spokes' knew or had reason to know of the existence, but not necessarily the identity, of one or more of the other spoke participants in the wheel conspiracy.").

For the foregoing reasons, Defendant MacGregor's motion to dismiss the Indictment and Defendants' joint motion for severance is DENIED.

**SO ORDERED:**

_____
**Barbara S. Jones**
**UNITED STATES DISTRICT JUDGE**

Dated:      New York, New York
            February 9, 2010